UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LARRY J. FITCH** | **CIVIL ACTION NO. 18-0909** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **KEVIN W. COBB, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff Larry J. Fitch, an inmate at Franklin Parish Detention Center proceeding pro se and in forma pauperis, filed the instant Complaint on July 11, 2018, under 42 U.S.C. § 1983. He names the following Defendants: Sheriff Kevin W. Cobb, Deputy Jerry Rollins, Danna Lee, and Warden Chad Lee.[1] For the following reasons, it is recommended that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

**Background**

Plaintiff alleges that, on April 18, 2018, while he was being transferred to a court in Terrebonne Parish, Deputy Jerry Rollins attempted to park the transport vehicle to address a "noise coming from the [vehicle's] cage divider." "Deputy Jerry Rollins pulled to the shoulder . . . and began to exit the vehicle, [but he] collapsed for some unknown reason." Plaintiff "assume[s] Deputy Jerry Rollins failed to put the vehicle in park because," while Plaintiff was still inside, the vehicle crashed into a ditch.

Plaintiff filed an Amended Complaint on August 17, 2018, claiming that officials at the detention center opened his legal mail in his absence. [doc. # 17].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff seeks $50,000.00 for his pain and suffering, reimbursement for his medical bills, and an order instructing Defendants to pay for further medical treatment by a specialist.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Negligence**

To state a claim under Section 1983, a prisoner must allege a violation of a constitutional right. Allegations of negligence do not state claims of constitutional dimension. *Daniels v. Williams*, 474 U.S. 327, 336 (1986) (holding that the United States Constitution does not address injuries inflicted by governmental negligence); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) (recognizing that plaintiffs must "demonstrate culpability beyond mere negligence or even gross negligence.").

Here, Plaintiff does not allege any facts indicating that a Defendant knew that he faced a substantial risk of serious harm or that a Defendant was deliberately indifferent to such a risk. Rather, Plaintiff alleges that Deputy Rollins should have placed the transport vehicle in park before exiting. The actions that Plaintiff describes amount to no more than negligent conduct.[3] Plaintiff should pursue his negligence claim in state court.

**3. Opening Mail**

Plaintiff claims that officials at the detention center opened his legal mail in his absence. [doc. # 17]. Plaintiff's allegation, however, fails to state a plausible claim on which relief can be granted because "prison officials may open incoming legal mail to inspect it for contraband." *Jones v. Mail Room Staff*, 74 F. App'x 418, 419 (5th Cir. 2003) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir. 1993)). Similarly, "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected." *Collins v. Foster*, 603 F. App'x 273, 275 (5th Cir. 2015) (citing *Brewer*, 3 F.3d at 825). This claim should be dismissed.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Larry J. Fitch's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief

---

[3] See *Leonard v. Concordia Par. Sheriff's Office*, 2018 WL 3147564, at *1 (W.D. La. May 16, 2018), report and recommendation adopted, 2018 WL 3131037 (W.D. La. June 26, 2018) (finding, where the detainee-plaintiff alleged that he was injured when a sheriff's office vehicle struck an object that fell from another vehicle, that the claim amounted to mere negligence); *Burns v. Davis*, 2017 WL 4250529, at *4 (S.D. Tex. Sept. 22, 2017) (finding, where the inmate-plaintiff alleged that the defendant drove at excessive speeds in wet and foggy conditions, that the claim sounded in negligence); *Porter v. Willis*, 2016 WL 1032303, at *3 (M.D. La. Feb. 16, 2016), report and recommendation adopted, 2016 WL 1064546 (M.D. La. Mar. 15, 2016); see also *Crumbliss v. Darden*, 469 F. App'x 325 (5th Cir. 2012) (holding that prison officers were not deliberately indifferent to a prisoner's safety when they transported him in a van that did not have tie down straps for his wheelchair).

can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motions to Appoint Counsel, [doc. #s 2, 6] be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 29th day of August, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

5